IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| DANA HANNIBAL,<br><br>Plaintiff,<br><br>vs.<br><br>KADIDJA SIERRA,<br><br>Defendant. | CV 26–26–M–DLC<br><br><br>OPINION<br>and ORDER |

On February 6, 2026, Dana Hannibal sued her sister Kadidja Sierra, alleging injury arising out of Sierra's administration of their mother's trust (the "Trust"). (Docs. 1, 9.) Sierra has moved to dismiss for lack of jurisdiction under the "probate exception" to federal diversity jurisdiction, *see Marshall v. Marshall*, 547 U.S. 293 (2006), or, alternatively, asks the Court abstain from exercising jurisdiction under either *Younger v. Harris*, 401 U.S. 37 (1971), or *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (Doc. 10.)[1] Hannibal opposes, (Docs. 14), and seeks leave to file a sur-reply, (Doc. 16). Sierra's motion is granted in part and denied in part. Hannibal's motion for leave is denied as moot.

---

[1] Sierra's initial motion to dismiss, (Doc. 6), was mooted by the filing of an amended pleading. *See Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019) ("[A]n amended pleading supersedes the original pleading.").

LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has subject matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332. Because jurisdiction is limited, it is "presumed that a cause lies outside" of it, and the burden of establishing jurisdiction falls on the party asserting it. *Kokkonen*, 511 U.S. at 377. "A district court may hear evidence regarding jurisdiction and resolve factual disputes where necessary." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (internal quotation marks and alteration omitted). "No presumption of truthfulness attaches to plaintiff's allegations." *Id.* (internal quotation marks and alteration omitted). Rule 12(b)(1) governs the motions to dismiss filed here. While the Ninth Circuit "ha[s] not squarely held whether abstention is properly raised under Rule 12(b)(6), Rule 12(b)(1), both, or neither," *Courthouse News Serv. v. Planet*, 750 F.3d 776, 779 n.2 (9th Cir. 2014), it has applied Rule 12(b)(1) in cases invoking both *Colorado River*, *see Green v. Aranas*, 775 F. App'x 310, 311 (9th

Cir. 2019), and *Younger, see Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016).

### DISCUSSION

Hannibal has alleged the following state law tort claims against Sierra: breach of fiduciary duty, conversion, unjust enrichment, fraud, constructive trust, and tortious interference with prospective economic advantage. (Doc. 9.) Sierra has moved to dismiss for lack of jurisdiction under the "probate exception" to federal diversity jurisdiction, or, alternatively, asks the Court abstain from exercising jurisdiction under either *Younger v. Harris* or *Colorado River*. That motion is granted in part. While Hannibal's "constructive trust" claim is dismissed under the probate exception, there is subject matter jurisdiction over her other tort claims and abstention is not appropriate.

### A.    The Probate Exception

"Among longstanding limitations on federal jurisdiction otherwise properly exercised are the so-called 'domestic relations' and 'probate' exceptions." *Marshall*, 547 U.S. at 299. "[W]hen one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Id.* at 311. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administrations of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a

3

state probate court." *Id.* "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312. Consistently, "the probate exception is limited to cases in which the federal courts would be called on to '(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court.'" *Silk v. Bond*, 65 F.4th 445, 450 (9th Cir. 2023) (quoting *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017)). Only the final category is at issue here[2] because Hannibal does not seek to probate or annul a will, nor does she seek direct administration of an estate. *See id.* at 452 (explaining that "administering a decedent's estate" is narrowly defined to mean just that).

"An action is *in rem* when it determines interests in specific property as against the whole world." *Id.* (internal quotation marks omitted). "If the action seeks merely to determine the personal rights and obligations of the parties, on the other hand, it is in personam." *Id.* (internal quotation marks omitted). "In assessing whether an action is in rem or in personam, courts look behind the form of the

_____

[2] Outside the probate context, this third category is referred to as the "prior exclusive jurisdiction doctrine." *Goncalves*, 865 F.3d at 1253. Because "[t]he prior exclusive jurisdiction doctrine is a mandatory jurisdictional limitation that prohibits federal and state courts from concurrently exercising jurisdiction over the same *res*," *id.*, this jurisdictional issue must be resolved even if Hannibal's claims are not characterized as "probate" claims.

action to the gravamen of a complaint and the nature of the right sued on."
*Id.*(internal quotation marks omitted). Here, with limited exception, Hannibal's First Amended Complaints seek monetary damages for state law tort claims, including breach of fiduciary duty, conversion, unjust enrichment, fraud, and tortious interference with prospective economic advantage. If Hannibal were to prevail at trial on those claims, "[she] would be awarded an in personam judgment for money damages." *Silk*, 65 F.4th at 453; *see also Chevalier v. Estate of Barnhart*, 803 F.3d 789, 802 (6th Cir. 2015) (describing claims for breach of contract, default, unjust enrichment and fraud as "*in personam* actions"); *Chrictlow v. Chrictlow*, 617 F. App'x 664, 665 (9th Cir. 2015) (holding that breach of fiduciary duty claims brought under California law were not barred by probate exception). Thus, the probate exception does not provide a basis for dismissing these claims.

However, Hannibal has also made a claim for "constructive trust," asking that a constructive trust be imposed over all the Trust assets and proceeds in Sierra's control, "including but not limited to personal property, valuables, sales proceeds, any substituted assets, commingled funds, or the value thereof." (Doc. 9 at ¶¶ 47–53.) She seeks "an order requiring [Sierra] to account for, disgorge, make restitution, and return all such property and proceeds to the Trust for the benefit of its beneficiaries, including Plaintiff[s], together with such further equitable relief as

the Court deems just and proper." (*Id.*) While the request for an accounting of an estate does not by itself trigger the probate exception, *see Glassie v. Doucette*, 55 F.4th 58, 67 (1st Cir. 2022) ("The most that can be said is that calculating damages in this civil action may intertwine with some determinations made in performing an accounting," but "will not preclude the probate court from approving a final accounting" or determining estate "distribution."), Hannibal asks for the return of actual trust property, i.e., "property which is in the possession of the state court." *Goncalves*, 865 F.3d at 1254 (quoting *Fischer v. Am. United Life Ins. Co.*, 314 U.S. 549, 554 (1942)). Because Hannibal's constructive trust claim is an *in rem* claim, *see State ex rel. Biering v. Dist. Ct.*, 140 P.2d 583, 586–87 (Mont. 1943) ("A probate proceeding is in the nature of a proceeding in rem, and the entire world is brought before the court by the process provided therefor. The estate itself is taken into custodia legis. The assets of an estate are thus secured against the entire world, in the hands of an executor or administrator . . ..."), it is dismissed under the probate exception.

## B.    Abstention

For Hannibal's surviving claims, Sierra requests that this Court exercise its discretion to abstain from exercising its jurisdiction. "Federal courts have a presumptive, or what is sometimes said to be 'virtually unflagging' obligation to decide cases within their jurisdiction." *Stockton v. Brown*, 152 F.4th 1124, 1135

6

(9th Cir. 2025) (internal quotation marks omitted). "*Younger* abstention is an exception to that rule, reflecting a national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id.* (internal quotation marks omitted); *see Younger*, 401 U.S. at 41. Similarly, where the subject matter of a federal case is also being litigated in state court, the doctrine of *Colorado River* abstention sometimes permits a federal court to decline jurisdiction based on considerations of "[w]ise judicial administration, [the] conservation of judicial resources, and comprehensive disposition of litigation." 424 U.S. at 817. Neither doctrine supports abstention here.

### 1.    *Younger v. Harris*

*Younger* abstention is properly invoked in only three types of proceedings: (1) "ongoing state criminal prosecutions," (2) "certain civil enforcement proceedings," and (3) "pending civil proceedings involving certain orders uniquely in further of the state court's ability to perform their judicial functions." *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (internal quotation marks and alteration omitted). *Younger* does not apply "outside these three 'exceptional' categories." *Id.* Hannibal's case does not fall into any of these categories. The first and third categories are plainly not at issue in a state law tort suit between two private parties. Nor does the underlying trust dispute have any of the characteristics of a civil enforcement matter, which the Supreme Court has explained must be

"akin to a criminal prosecution." *Id.* at 79 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)). Notably, Sierra ignores the threshold requirement that a case fall within one of these categories, instead focusing on the "*Middlesex* conditions," which are "not dispositive . . . [but rather] *additional* factors appropriately considered by the federal court before invoking *Younger*." *Sprint*, 571 U.S. at 81 (referring to *Middlesex Cnty. Ethics Comm. v. Garden St. Bar Ass'n*, 457 U.S. 423 (1982)). Because the case falls outside of *Younger*'s narrow scope, the Court need not consider *Middlesex*.

### 2.    *Colorado River*

As indicated above, a federal court has discretion to stay or dismiss a federal proceeding in situations involving the contemporaneous exercise of jurisdiction by different courts over sufficiently parallel actions. *Colo. River*, 424 U.S. at 817. Courts consider the following eight factors in determining whether abstention under *Colorado River* is appropriate:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Seneca Ins. Co., Inc. v. Strange Lands, Inc.*, 862 F.3d 835, 841–42 (9th Cir. 2017) (internal quotation marks omitted). These factors are not considered a "mechanical

checklist," and "[a]ny doubt as to whether a factor exists should be resolved against [abstention], not in favor of [it]." *Id.* at 842 (internal quotation marks omitted). Considering these factors here, abstention is not warranted.

### a.    Property at Stake

"This factor applies when both forums exercise jurisdiction over the same property, and addresses the concern that the parallel proceedings will result in inconsistent dispositions of such property." *Montanore Min. Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017) (internal quotation marks and alteration omitted). The Supreme Court has held "that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." *Colo. River*, 424 U.S. at 818 (collecting cases). As discussed above, Hannibal's only claim that involves actual property belonging to the Trust is dismissed pursuant to the probate exception. The remaining claims seek monetary damages arising out of alleged tortious conduct. This factor weighs against abstention.

### b.    Convenience

In *Colorado River*, the Supreme Court noted the inconvenience of the 300-mile distance between the state and federal courts as a factor favoring abstention. 424 U.S. at 820. Here, Sierra filed her state case in the Montana Eleventh Judicial District Court, which is located in Flathead County. That Court is only 100 miles north of the Federal Court in Missoula, Montana. This factor is therefore neutral.

9

*See Montanore Min. Corp.*, 867 F.3d at 1167 (affirming finding that a 200-mile difference gave neither court "a significant advantage as to convenience").

### c.     Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Id.* (internal quotation marks omitted). "For this factor to favor [abstention], the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding, and which the court could not have avoided by other means." *Id.* (internal quotation marks and alteration omitted); *see Seneca Ins.*, 862 F.3d at 843 ("[T]here must be exceptional circumstances present to demonstrate that piecemeal litigation would be particular problematic."). Here, Sierra argues that the existence of the State Case means the administration of the Trust is being litigated in state court. However, this case involves claims against Sierra individually that have not been raised in the State Case.  Moreover, Hannibal is not party to the State Action. This factor weighs against abstention.

### d.     Order Jurisdiction Was Obtained

In assessing the order in which the respective courts obtained jurisdiction, federal courts consider the "realities of the case" as well as the "relative progress of the state and federal proceedings." *Montanore Min. Corp.*, 867 F.3d at 1168 (internal quotation marks omitted). Here, Sierra's state court action was filed in

January 2025 and a Petition for Writ of Supervisory Control was denied in November 2025. This case was not filed until February 2026 and has not progressed beyond the pleadings stage. Nevertheless, while the state court obtained jurisdiction before this Court, there is no indication that proceedings in that forum have "progressed significantly." *Montanore Min. Corp.*, 867 F.3d at 1168. This factor is therefore neutral.

### e.    Applicable Law

State law governs Hannibal's tort claims. "The fact that state law provides the rule of decision on the merits in a case may favor [abstention], but only when the state law questions are themselves complex and difficult issues better resolved by the state court; it is not enough that a state law case is complex because it involves numerous parties or claims." *Id.* (internal quotation marks omitted). Here, the application of state law does not favor abstention because the claims regard "routine state law issues," such as fraud and breach of fiduciary duty. *See id.* at 1168–69.

### f.    Adequate Protection of Rights of Federal Litigants

"This factor concerns whether the state court might be unable to enforce federal rights." *Id.* at 1169 (internal quotation marks omitted). "If the state court cannot adequately protect the rights of the federal litigants, a *Colorado River* stay is inappropriate." *Id.* (internal quotation marks omitted). Here, while the state court

11

can protect the rights of the litigants before it, Hannibal is not a party to that action. This factors therefore weighs in favor of abstention.

### g.    Forum Shopping

The Ninth Circuit "ha[s] affirmed a *Colorado River* stay or dismissal when it was readily apparent that the federal plaintiff was engaged in forum shopping." *R.R. St. & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 981 (9th Cir. 2011). "If [Hannibal] pursued suit in a new forum after facing setbacks in the original proceeding, this factor may weigh in favor of a stay." *Montanore Min. Corp.*, 867 F.3d at 1169 (internal quotation marks omitted). While Hannibal is not a party to the State Case, this case was filed three months after a significant setback in the State Case against Sierra. This factor is therefore neutral.

### h.    Resolve All Issues

While the two actions need not be exactly the same, "the requirement of 'parallel' state court proceedings implies that that proceedings are sufficiently similar to the federal proceedings to provide relief for all the parties' claims." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n.4 (9th Cir. 1993). Thus, "the existence of substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a [*Colorado River*] stay." *Smith v. Ctrl. Ariz. Water Conserv. Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (internal quotation marks omitted) (alteration in original); *see also Moses H. Cone Hosp. v. Mercury*

12

*Constr. Corp.*, 460 U.S. 1, 28 (1983) ("When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.").

Here, Sierra fails to show that the two proceedings are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). While both cases regard the Trust, the State Case is about the administration of the Trust while the federal case is about Sierra's personal liability to Hannibal for injuries associated with her role in that administration. While the outcome of the State Case may bear on whether Hannibal can prove her tort claims, it will not directly dispose of those claim. As explained by the First Circuit,

> It is true that calculating damages in this civil action could well involve the jury's consideration of how much damage Georgia suffered as a result of defendants' alleged misconduct that lowered the value of her eventual inheritance. And that calculation of damages might include considering whether and to what extent the value of the estate residuum decreased. But such a calculation is hardly a probate accounting.

*Glassie*, 55 F.4th at 66. Moreover, Hannibal is not a party to the State Case. Because the State Case is not "an adequate vehicle for the complete and prompt resolution of the issues between the parties," *Moses H. Cone*, 460 U.S. at 28, this factor weighs against abstention.

### i.    Conclusion

13

On balance, the *Colorado River* factors weigh against abstention.

## CONCLUSION

Accordingly, IT IS ORDERED Sierra's motion to dismiss (Doc. 10) is GRANTED as to Hannibal's constructive trust claim (Count V). The motion is otherwise DENIED.

IT IS FURTHER ORDERED that Sierra's initial motion to dismiss (Doc. 6) and Hannibal's motion for leave (Doc. 16) are DENIED as MOOT.

DATED this 2nd day of June, 2026.

Dana L. Christensen, District Judge
United States District Court

14